UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:23-cr-0073-CKK |
| **RAYMOND NAVA,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION IN OPPOSITION TO GOVERNMENT'S EMERGENCY MOTION FOR DE NOVO REVIEW OF MAGISTRATE'S RELEASE ORDER AND REQUEST TO STAY DEFENDANTS' RELEASE PENDING DE NOVO REVIEW

The Court should sustain the Release Order for Raymond Nava, entered by the Honorable Alicia C. Rosenberg in the Central District of California (Western Division) on April 26, 2023, and deny the stay of that Order requested by the United States in its Emergency Motion For De Novo Review of Magistrate's Release Order and Request to Stay Defendants' Release Pending De Novo Review ("Emergency Motion").

Based on representations of California counsel for the Defendant and a review of an audio recording of the detention hearing for Defendant Max Torres, it is apparent that the Assistant U.S. Attorney in California and the Assistant U.S. Attorney in the District of Columbia consulted regarding the case prior to (and during) the detention hearings, including whether to call the case agents to testify. The California Assistant U.S. Attorney advised the Court, following a break in the Torres detention hearing in which she consulted with the agent and the D.C. Assistant U.S. Attorney, that the government would not call the agent to testify about items which were seized from the execution of the search warrants. The government made that decision despite the Court's comments that the items

seized on the day of arrest would be relevant to her bond determination, and that the agent's testimony would be limited to only the items seized, allaying any concerns of a "fishing expedition".[1] All the "new" information which appears in the government's Emergency Motion was known to the government at the time of the detention hearing in California.

<u>Discussion</u>

In denying a motion to reconsider a pretrial detention order, this Court held the following:

> The Court may reopen a detention hearing "at any time before trial" based upon a finding "that information exists that was **not known** to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (emphases in original).

*United States v. Caldwell*, Criminal Action No. 21-181 (CKK), p.5.

> "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: '(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (quoting *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003)), aff'd, No. 09-5349, 2010 WL 1632965 (D.C. Cir. Apr. 1, 2010).

*United States v. Caldwell*, Criminal Action No. 21-181 (CKK), p.4-5.

> [M]otions for reconsideration "cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (internal quotation marks omitted) (quoting SEC v. Bilzerian, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)).

*United States v. Caldwell*, Criminal Action No. 21-181 (CKK), p.5.

---

[1] On April 26, 2023, agents executed arrest and search warrants on each defendant and their respective residences. Agents did not obtain any narcotics or firearms from Nava's residence.

Here, the movant (the U.S. Attorneys in California and the District of Columbia) made the decision to proceed by proffer with certain evidence and withhold other evidence which now appears in its Emergency Motion. Whether that decision was based on a belief that the evidence was not needed for detention or was a conscious decision to withhold evidence in the event the California district court released Mr. Nava, is of no consequence here.  No movant should be afforded the opportunity to employ such a strategy and have "two bites at the apple." It is manifestly unfair to the other party – especially a defendant – and contrary to the well-settled law cited by this Court in *Caldwell*.  To allow the United States, "under the guise of an emergency 'appeal' … to add facts back in, effectively converting this into a new detention hearing, not an appeal" should not be condoned. Memorandum of Law dated April 27, 2023, by the Federal Public Defender, *United States v. Max Torres*, Case No. 23-cr-73-CKK. (attached).

This Court should allow the stay imposed by the Court in the Central District of California to lapse and allow Raymond Nava to appear with his counsel before this Court at the appointed time.

                                                Respectfully submitted,

                                                RAYMOND NAVA
                                                By Counsel

                                                /s/ Pleasant S. Brodnax, III
                                                Pleasant S. Brodnax, III,
                                                1701 Pennsylvania Avenue, NW, Suite 200
                                                Washington, D.C. 20006
                                                202.462.1100
                                                Email: pleasant.brodnax@gmail.com

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed by CM/ECF on the 27th day of April 2023, which will send a notification of such filing (NEF) to all counsel of record.

                                          /s/ Pleasant S. Brodnax, III
                                          Pleasant S. Brodnax, III