CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Max Torres[1]

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>MAX TORRES,<br><br>              Defendant. | Case No. CR-23-73-CKK<br><br>**MEMORANDUM OF LAW** |

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). In detention proceedings involving out-of-district defendants, however, a recurring pattern has inverted this basic principle.

The recurring pattern is as follows: (1) a newly-arrested defendant makes his initial appearance on an out-of-district case in the Central District and is ordered released pending trial; (2) at the request of the out-of-district AUSA, the local AUSA requests a stay of the detention order pending a motion for review in the charging district; (3) the Central District judge grants the stay as a matter of course, with no

---

[1] Charles Snyder represented Torres at his initial appearance in the Central District of California. He does not represent Torres in the District of the District of Columbia. Nonetheless, because Torres is unrepresented in the government's expedited appeal of his release order, Snyder respectfully submits this filing as an officer of the Court, and in the interest of justice.

1

particularized showing of a likelihood of success or that irreparable harm will occur before the defendant can voluntarily reach the charging district; (4) the defendant with the release order is then taken into custody in a Los Angeles jail; (5) meanwhile, the out-of-district AUSA moves for review in the charging district – where the defendant is neither present nor represented – and either obtains a further stay of the release order or a substantive reversal and order of detention; (6) the defendant – who was ordered released in the only adversarial proceeding in which he was represented and could participate – is then detained pending transfer to the charging district which may take several months; (7) during the period of detention, the defendant not only loses his or her liberty, but likely a job, and is also separated from children, loved ones, and dependent relatives.

This case represents another example of this recurring problem. On April 26, 2023, Max Torres made his initial appearance on an out-of-district Indictment and, consistent with the recommendation of Pretrial Services, the Court found that he was entitled to release under 18 U.S.C § 3142. At the request of an out-of-district prosecutor, however, the local prosecutor asked that the Court stay the release order pending an appeal in the charging district.

Torres objected to the stay on two grounds. Legally, he argued that no statute provides a basis for a stay and that the government had not made any particularized showing to support one in the exercise of the Court's inherent authority, including a likelihood of success or irreparable injury. See generally Humane Soc'y of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009) (even where stay pending appeal is authorized by statute or rule, party seeking stay must establish that it is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest"). Practically, he argued that a stay would result in him being detained for an extended period – in contravention of the Bail Reform Act – despite a release order issued during the only adversarial detention proceeding in which he could participate.

The Court granted the stay over Torres's objections and, on April 27, 2023, the government filed an "appeal" in the District of the District of Columbia.[2]  Although this is an indicted case – which means that the Sixth Amendment guarantees Torres the right to be represented and present at every critical stage of the proceedings,[3] and federal law entitles him to be present and represented at all detention proceedings[4] – he

---

[2] A copy of the original Pretrial Services Agency ("PSA") report is attached as Exhibit 1.  While, again, Snyder does not represent Torres in this "appeal," he notes that, after the search of Torres's home, but before the April 26 detention hearing, the charging prosecutors spoke with Pretrial Services in Los Angeles.  As a result of that conversation, PSA wrote:

> Pretrial Services contacted the assigned United States Attorney Washington DC who advised this case was initiated based on a death from a fentanyl overdose.  The defendant may also have drug ties to Mexico.  It was reported that the two "top guys" in the Indictment were detained. There were no issues at the defendant's time of arrest.

Ex. 1 at 4 (emph. added).
    At the detention hearing, the local AUSA sought to proffer different facts about the search, many of which are now set out in the government's filing.  The defense rejected the proffer, and the judge ordered the government to put the agent on the stand if it wanted the proffered information to be considered.  After consulting with the charging AUSAs, the local AUSA declined to put the agent on the stand and affirmatively withdrew the proffer.  Now, under the guise of an emergency "appeal," in a court across the country where Torres is not represented, the government seeks to add those facts back in, effectively converting this into a new detention hearing, not an appeal.  But many of the now-proffered facts were known to the government at the time of the initial detention hearing, and the government affirmatively declined to present them, meaning there is no basis for a new detention hearing, United States v. Caldwell, No. CR 21-181 (CKK), 2022 WL 168343, at *6 (D.D.C. Jan. 19, 2022) ("The Court may reopen a detention hearing at any time before trial based upon a finding that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.  New and material information . . . consists of something other than a [party's] own evaluation . . . instead, it must consist of truly changed circumstances, something unexpected, or a significant event.") (citations and quotations omitted, emph. in orig.), or for the Court to consider them on appeal.
    [3] Rothgery v. Gillespie Cty., Tex., 554 U.S. 191, 194 (2008) ("This Court has held that the right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty"); United States v. Baucum, No. CR 01-474 PHX SRB, 2001 WL 1448604, at *2 (D. Ariz. Nov. 15, 2001) ("[I]t is axiomatic that the Sixth Amendment guarantees the assistance of counsel at every 'critical' stage of a prosecution.  No one can seriously contend that a detention hearing is not a critical stage of a prosecution where the liberty of a defendant hangs in the balance.").
    [4] 18 U.S.C. § 3600A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters

is now in jail in Los Angeles, unrepresented in D.C., and facing an emergency bond proceeding that will dictate his liberty.  And even if he had a lawyer in D.C. (he does not) and could communicate with that person (he cannot), he has not waived his presence or consented to a video or telephonic proceeding, and may not even be able to do so depending on the status of the CARES act in the District of Columbia.

The net effect of all of this is that Torres, a young man with limited criminal history, theoretically has a release order from the only adversarial proceeding in which he participated; in reality, however, he may be detained for weeks or possibly months – during which time he will lose not only his liberty but his job – if the government is allowed to reverse or further stay his detention order, effectively ex parte, in a jurisdiction where he is not represented, at proceedings where he was not present, all in violation of the Sixth Amendment and federal law.  Rothgery, 554 U.S. at 194; United States v. Baucum, 2001 WL 1448604, at *2; 18 U.S.C. § 3600A(c); Fed. R. Crim P. 44(a); 18 U.S.C. § 3145(a) (any motion for review of a release order "shall be determined promptly"); United States v. Fernandez-Alfonso, 813 F.2d 1571, 1572 (9th Cir. 1987) (where court delayed review of detention order for 30 days, ordering release for failure to comply with "prompt" requirement).

The government never established a valid basis for a stay in the first place.  It will not be able to do so now, especially given the ex parte nature of the proceedings.  On Friday, the Court should allow the Central District stay to lapse, let Torres be released from jail, order him to appear in D.C. within two weeks, and conduct a bond appeal in D.C., once he has a lawyer, at the earliest possible date.

|  | Respectfully submitted,<br>Cuauhtemoc Ortega<br>Federal Public Defender |
|---|---|
| DATED: April 27, 2023 | By  /s/ Charles J. Snyder |
|  | Charles J. Snyder |

---

appropriate to the proceedings."); Fed. R. Crim P. 44(a) ("A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right").